FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 15, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK A. NEWKIRK,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-CV-0410-JTR<br><br>REPORT AND RECOMMENDATION TO GRANT, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 22. Attorney Dana Chris Madsen represents Mark A. Newkirk (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have not consented to proceed before a magistrate judge. After reviewing the administrative record and briefs filed by the parties, the Court **RECOMMENDS** granting, in part, Plaintiff's motion for summary judgment, denying Defendant's motion for summary judgment, and remanding the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on November 13, 2012, alleging disability since December 31, 2009, due to a 2002 back injury, drop foot/walk with a limp, sciatic nerve damage, numbness in left

REPORT AND RECOMMENDATION . . . - 1

foot, breathing problems, sleep apnea, chronic pain, kidney stones, and reading and writing difficulty. Tr. 281, 304. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse K. Shumway held a hearing on June 5, 2015, Tr. 48-114, and issued an unfavorable decision on June 25, 2015, Tr. 21-34. The Appeals Council denied Plaintiff's request for review on September 29, 2016. Tr. 1-6. The ALJ's June 2015 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 22, 2016. ECF No. 1, 4.

## STATEMENT OF FACTS

Plaintiff was born on January 13, 1975, and was 34 years old on the alleged onset date, December 31, 2009. Tr. 39, 86. Plaintiff completed school through the eighth grade and has past work as a dishwasher/food preparer, grinder, janitor/cashier, and landscaper. Tr. 89-95, 305. Plaintiff's disability report indicates he stopped working on October 30, 2009, because of his conditions. Tr. 304. Plaintiff testified at the administrative hearing on June 5, 2015, that he did work for three or four weeks at Tire Rama in 2012, but was subsequently fired. Tr. 86-89.

Plaintiff stated he has low back issues that result in shooting pain down his right leg. Tr. 95, 97. He has a loss of feeling/numbness in his right foot (foot drop) and walks with a limp as a result. Tr. 96. Plaintiff testified he would soon receive a new leg brace to assist with mobility because his previous brace, one he had worn for four years, no longer worked. Tr. 97. Consistent with Plaintiff's testimony, treating physician William Phillips, M.D., reported on July 14, 2015, that Plaintiff's prior brace bound against his calf too much and was painful to wear. Tr. 1221. At that time, Dr. Phillips determined Plaintiff's need for a brace was permanent and prescribed a custom-made brace to help improve Plaintiff's mobility. Tr. 1224.

Plaintiff indicated he could walk 50 yards in one stretch, stand for up to 10 minutes and sit for up to 30 minutes at a time, and lift up to a gallon of milk (eight pounds). Tr. 98, 101. He stated he will lie down four times a day, for an hour each time. Tr. 99. With respect to daily activities, Plaintiff testified he is able to do his laundry, drive a car, go grocery shopping with help, and attend doctor appointments. Tr. 103-105. He indicated he is able to get along fine with people and had never been fired from a job for not getting along with others. Tr. 106.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs which claimant can perform exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 25, 2015, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 13, 2012, the disability application date. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine with right foot drop, affective disorder, and borderline intellectual functioning. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light exertion level work, but with the following

limitations: he could stand for 30 minutes at a time and walk for 15 minutes at a time; he could stand and walk for a total of four hours per day; he could sit for one hour at a time for a total of 6 hours per day; he could not climb ladders, ropes or scaffolds, but could occasionally climb ramps and stairs; he could occasionally balance, crouch, kneel and crawl; he could frequently stoop; he would need to avoid concentrated exposure to hazards such as unprotected heights and moving mechanical parts; and he could perform simple, routine, repetitive tasks requiring simple decision-making and a reasoning level of two or less. Tr. 26.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a kitchen helper, material handler and bench worker. Tr. 33.

However, the ALJ determined at step five that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of production assembler, electronics worker, and inspector and hand packager. Tr. 33-34.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from November 13, 2012, the disability application date, through the date of the ALJ's decision, June 25, 2015. Tr. 34.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) failing to properly weigh the medical opinion evidence of record; (2) improperly discrediting Plaintiff's symptom testimony; and (3) finding that Plaintiff's spinal disorder did not meet or equal Listing 1.04A.

## DISCUSSION

**A.    Medical Opinion Evidence**

Plaintiff contends the ALJ erred by failing to properly consider the medical opinion evidence of record. ECF No. 17 at 12-20. Plaintiff specifically asserts the ALJ erred by according "little weight" to the opinions of treating physician William Phillips, M.D., and examiner John Arnold, Ph.D.; "partial weight" to the opinions of examiner John Severinghaus, Ph.D.; and "great weight" to the opinions of examiner A. Peter Weir, M.D., and medical experts Haddon Alexander, M.D., and Thomas McKnight, Ph.D. *Id.*

In a disability proceeding, the courts distinguish among the opinions of three types of physicians: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence).

**1.    Physical Capacity**

Dr. Phillips, Plaintiff's treating physician since at least September 2013, Tr. 1144, completed a physical functional evaluation of Plaintiff on April 1, 2015, and determined that Plaintiff would be limited to less than sedentary exertion level work, Tr. 1128-1135. Dr. Phillips diagnosed chronic radicular low back pain; degeneration, lumbar/lumbosacral disc; chronic hip pain; and chronic knee pain

and opined that Plaintiff was clearly unable to work at that time as a result of his impairments. Tr. 1135.

The ALJ accorded "little weight" to the physical assessment of Dr. Phillips, finding merely that it was "not consistent with the record as a whole, including the claimant's reported ability to care for his elderly grandmother." Tr. 29.

When providing reasons for rejecting opinion evidence, an ALJ should provide "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ must do more than merely state conclusions, but instead must: "set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988)). It is insufficient for an ALJ to reject the opinion of a treating physician by merely stating, without more, that it is inconsistent with other evidence in the record. *See Embrey*, 849 F.2d at 421. Inconsistency between doctors' opinions does not allow the ALJ to simply select one opinion based solely on the fact that an inconsistency exists, but instead the ALJ must address, explain and resolve the conflicting evidence by assigning weight to differing opinions based on cogent, specific, and legitimate reasons. *Morgan*, 169 F.3d at 603; *Reddick*, 157 F.3d at 722, 725.

In this case, the ALJ dismissed Dr. Phillips' opinions without providing a detailed, thorough summary of specific conflicting medical evidence and without adequately describing activities[1] the ALJ believed undermined the doctor's

---

[1]Although the ALJ indicated Dr. Phillips' report conflicted with Plaintiff's ability to care for his elderly grandmother, the nature and extent of the care Plaintiff provided to his 88-year-old, "mentally sharp" grandmother, Tr. 1156, is not specified. *See Higbee v. Sullivan*, 975 F.2d 558, 561 (9th Cir. 1992) (The ALJ must scrupulously and conscientiously probe into, inquire of, and explore all the

REPORT AND RECOMMENDATION . . . - 7

1  assessment. Consequently, the ALJ erred by failing to provide cogent, specific,
2  and legitimate reasons for rejecting treating physician Phillips' opinions. A
3  remand is required for further development of the record and reconsideration of Dr.
4  Phillips' physical assessment.

5  Dr. Weir completed a physical consultative examination on August 25,
6  2011, finding that Plaintiff was capable of performing light exertion level work
7  with no postural or manipulative limitations. Tr. 642-646. The ALJ accorded this
8  examiner's opinion "great weight" because it was internally consistent and
9  consistent with the record as a whole, including objective clinical findings.

10  Dr. Weir found a positive leg raise, observed a prominent limp with foot
11  drop and diagnosed sciatica and prominent right foot drop, consistent with Dr.
12  Phillips' findings, but nevertheless assessed a less restrictive RFC than Dr.
13  Phillips. The opinion of examining physician Weir, which predates Dr. Phillips'
14  treating opinion by nearly four years and additionally predates the disability
15  application date, is generally entitled to less weight than the opinion of a treating
16  physician like Dr. Phillips. *Benecke*, 379 F.3d at 592; *Orn v. Astrue*, 495 F.3d 625,
17  632 (9th Cir. 2007). Although Dr. Weir's opinion appears "internally consistent,"
18  it is not based on substantial record evidence, as the opinions of Dr. Phillips, and
19  other medical reports of record, were not available at the time of Dr. Weir's
20  consultative examination. Dr. Weir's examination report should likewise be
21  reconsidered on remand.
22  ///

---

relevant facts, being especially diligent to ensure favorable as well as unfavorable facts are elicited.). The ALJ has a special duty to develop the record fully and fairly and to ensure that a claimant's interests are considered. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ failed to perform that duty in this case.

REPORT AND RECOMMENDATION . . . - 8

### 2. Psychological/Psychiatric Evaluations

On November 5, 2010, Dr. Severinghaus performed a psychological consultative evaluation. Tr. 572-576. Dr. Severinghaus found Plaintiff had a full scale IQ score of 65 and noted Plaintiff's memory and problem solving abilities were limited by his borderline intelligence and learning difficulties. Tr. 575. Dr. Severinghaus opined that Plaintiff would be limited to unskilled jobs and that Plaintiff's interpersonal functioning would be moderately to severely limited by his negative attitudes towards others, low self-esteem, pain complaints and limited cognitive skills. Tr. 575.

On March 26, 2013, Debra Brown, Ph.D. performed a psychological/psychiatric evaluation. Tr. 1017-1023. Dr. Brown assessed a full scale IQ score of 82, Tr. 1023, diagnosed depression and borderline intellectual functioning, Tr. 1018, determined that Plaintiff had "moderate impairment in social and occupational functioning," and found that Plaintiff was moderately limited in several areas of work-related functioning, Tr.1019.

The most recent psychological/psychiatric evaluation of record was completed by Dr. Arnold on April 7, 2015. Tr. 1138-1142. Dr. Arnold diagnosed general anxiety disorder with social phobia features; antisocial personality disorder features (rule out the disorder and rule out borderline intellectual functioning); persistent depressive disorder, late onset; and rule out somatic symptom disorder, Tr. 1139, and opined that Plaintiff was moderately to markedly (four categories) limited in all work related areas, Tr. 1140.

The ALJ rejected the opinions of Dr. Severinghaus and Dr. Arnold regarding Plaintiff's social functioning because it was "not supported by other evidence of record," and because Plaintiff testified he had no difficulty getting along with people. Tr. 30-31. Although Plaintiff testified he is able to get along fine with people and had never been fired from a job for not getting along with others, Tr. 106, social limitations were assessed by every examining medical professional of

REPORT AND RECOMMENDATION . . . - 9

record in this case.[2]  Accordingly, the ALJ's finding in this regard is not supported by substantial evidence.  Plaintiff's social restrictions should be incorporated into Plaintiff's RFC assessment on remand.  The ALJ should additionally reassess the evaluations of the above medical professionals and provide a detailed analysis related to the weight assigned to the opinions provided, including the assessed limitations in the doctors' reports.

### 3.     Opinions from Nonexamining Experts

The ALJ assigned "great weight" to the June 2015 testimony of medical experts Alexander and McKnight.  Tr. 29, 31.  These nonexamining medical professionals found Plaintiff was limited to a restricted range of light exertion level work and determined that, while he would have some limitation on his ability to understand and remember detailed instruction, Plaintiff would be able to complete two to three-step repetitive tasks with no social limitations.  Tr. 63-65, 83-84.  The ALJ held that these functional assessments reflected consideration of the entire longitudinal medical record, were based on thorough explanations, and were given greater value in light of the medical professionals' expertise about the disability program.  Tr. 29, 31.

The ALJ provided no basis for discounting the opinions of treating physician Phillips and examining physicians Arnold and Severinghaus, other than noting different conclusions reached by nonexamining medical professionals Alexander and McKnight.  As indicated above, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830.  The ALJ therefore erred by relying on the nonexamining medical professionals' opinions in formulating Plaintiff's RFC in this case.  Accordingly,

---

[2]Dr. McKnight, the nonexamining medical expert, is the only medical professional of record to have assessed no social limitations.  Tr. 83-84.

REPORT AND RECOMMENDATION . . . - 10

the ALJ's assessment of Plaintiff's functioning is not supported by substantial evidence.

Plaintiff's RFC must be redetermined, on remand, taking into consideration the opinions of the medical professionals noted above, as well as any additional or supplemental evidence relevant to Plaintiff's claim for disability benefits. This matter will be remanded for additional proceedings in order for the ALJ to further develop the record, take into consideration Plaintiff's physical and psychological impairments, and assess the limitations Plaintiff's impairments have on his functionality.

**B.  Plaintiff's Subjective Complaints**

Plaintiff also contends the ALJ erred by improperly discrediting his symptom claims. ECF No. 17 at 10-12.

It is the province of the ALJ to make credibility determinations. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible. Tr. 27. The ALJ listed the following reasons

for finding Plaintiff's subjective complaints only partially credible in this case: (1) the objective medical evidence of record did not substantiate Plaintiff's allegations; (2) the record reflected that Plaintiff displayed drug-seeking behavior; (3) Plaintiff failed to follow medical treatment advice; and (4) Plaintiff's activities were inconsistent with his allegations of disabling functional limitations. Tr. 27-32.

While some of the reasons provided by the ALJ for discounting Plaintiff's testimony may be supported by the evidence of record, this matter must be remanded for additional proceedings to remedy defects in light of the ALJ's erroneous determination regarding the medical opinion evidence of record. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony and reassess what statements, if any, are not credible and, if deemed not credible, what evidence undermines those statements.

**C.    Listing 1.04A**

Plaintiff additionally contends the ALJ erred by failing to find that Plaintiff's low back impairment met or equaled Listing 1.04A. ECF No. 17 at 9-10.

For a disorder of the spine to equal Listing 1.04A, it must result in a compromise of a nerve root or spinal cord with evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, and positive straight-leg raising test. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

Although medical expert Alexander testified on cross-examination that Plaintiff's foot drop was attributed to L5 radiculopathy due to nerve root compression, Tr. 66, Dr. Alexander earlier opined that Plaintiff did not meet or equal Listing 1.04, Tr. 62-63. In any event, Plaintiff bears the burden of establishing that his impairments satisfy the requirements of a Listings impairment, and Dr. Alexander's statement that Plaintiff's L5 radiculopathy would be due to

///

nerve root compression, Tr. 66, without more, is not enough to establish disability at step three.[3] *Tackett v. Apfel*, 180 F.3d 1094, 1098-1100 (9th Cir. 1999).

Given the ALJ's erroneous determination regarding the medical opinion evidence of record and the resultant necessity of a remand to remedy these defects, the ALJ shall also reexamine step three of the sequential evaluation process and specifically readdress Listing 1.04.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for an immediate award benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, further development is necessary for a proper determination to be made.

On remand, the ALJ shall reassess Plaintiff's RFC. The ALJ shall reconsider the opinions of Drs. Phillips, Arnold, and Severinghaus and all other medical evidence of record, reevaluate Plaintiff's statements and testimony, and revisit step three of the sequential evaluation process and specifically readdress Listing 1.04. The ALJ shall develop the record further by directing Plaintiff to undergo consultative physical and psychological examinations and/or by eliciting the testimony of a medical expert or experts at a new administrative hearing to

---

[3]It is significant to note that John F. Long, D.O., indicated in March of 2007, well before the alleged onset date, that there was "no evidence on MRI of direct nerve root compression," Tr. 579, and an EMG study performed in January 2011 revealed no evidence of compression neuropathy or peripheral neuropathy. Tr. 624.

assist the ALJ in formulating a new RFC determination.  The ALJ shall obtain supplemental testimony from a vocational expert, if necessary, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment, **ECF No. 17,** be **GRANTED, in part,** Defendants' Motion for Summary Judgment, **ECF No. 22**, be **DENIED**, and the matter be **REMANDED** to the Commissioner for additional proceedings consistent with this Report and Recommendation.

## OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof.  Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor.  Any response to the objection shall be filed within fourteen (14) days after receipt of the objection.  Attention is directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination.  The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon.  The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions.  *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 72(b)(3); LMR 4, Local Rules for the Eastern District of Washington.

///

1  A magistrate judge's recommendation cannot be appealed to a court of
2  appeals; only the district judge's order or judgment can be appealed.
3  DATED February 15, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION . . . - 15